NORTHUP & THOMPSON, Respondents, v. THE PILOT, Appellant.

LIEN OF MATERIAL-MEN.—When one contracts to build the hull of a boat, and contracts with material-men for material to be used in constructing said hull, such material-men have no lien on the boat when finished.

BOAT—WHAT CONSTITUTES UNDER LIEN LAW.—A boat or vessel, named in section 17, chap. 13, Mis. Laws, is one that is complete and capable of being used to carry freight or passengers. The hull of a boat, without the other parts necessary to its use, is not a boat within the meaning of the statute, to which a lien could attach.

APPEAL from Multnomah County.

This action was to recover for certain materials furnished by respondents to one Steffen for the construction of the hull of the The Pilot, a steam-tug. The complaint alleges that Steffen was the owner at the time the materials were furnished. The materials were furnished between May 8 and November 10, 1876.

Charles Holman, J. M. Gilman and A. B. Nutting intervened and filed an answer to the complaint in which they denied that Steffen was at any time the owner of the boat.

The material facts relating to the question of ownership, are as follows: In February, 1876, Holman and Gilman upon the one side, and Nutting upon the other, entered into an agreement, by which the former sold to the latter one third of certain material and machinery for a tug-boat,

and by which the parties agreed to complete a certain tug-boat already begun. On the same day they contracted with Steffen for the building of the hull for such boat, for six thousand dollars, to be completed July 1, 1876. About the same time they contracted with the Willamette Iron Works to build and furnish the machinery for the boat. In May, 1876, the frame-work having been put up they began preparing the hull for the machinery. The boat was launched on the sixteenth of August, and on the following day Holman, Gilman and Nutting removed it to the iron-works on the opposite side of the river, had the machinery put in, and having returned it, Steffen completed the hull. Up to the time it was launched the boat was in Steffen's yard. During the same time Holman, Gilman and Nutting employed a night watchman to take care of it. They paid Steffen in full. The total cost of the boat was twenty-three thousand dollars.

The court below decided that Steffen was the owner of the hull during the entire period when the materials were furnished, and that the respondents had a lien upon the boat for the materials furnished amounting to two hundred and seventy-two dollars.

From this conclusion the appeal is taken.

*W. W. Thayer*, for appellant.

*Addison C. Gibbs and Loyal B. Sternes*, for respondent.

By the Court, BOISE, J.:

It is claimed that the circuit court was not warranted from the facts found in finding as a conclusion of law that John Steffen was the owner of the hull of the said tug-boat Pilot, until its completion under said contract to construct the hull of said boat. While said hull remained on the premises of said John Steffen and was entirely under his control, it was his property. But after it was launched and taken possession of (in part at least) by Holman, Gilman and Nutting, and the machinery put into it and other parts besides the hull added, which were as much a part of the boat as the hull itself, it may well be questioned whether Steffen

remained the owner of the uncompleted hull, which was in part paid for, and under the control of the parties for whom it was being constructed. When the hull became united with other parts of the boat, it was no more in the possession and ownership of the contractor to build it, than the unfinished machinery was in the possession and ownership of the iron-works, and when the different parts of a boat are brought together and fitted to each other under the direction of the parties for whom the work is being done, such parties are the owners, else there would be different owners to the various parts of the boat; that is to say, one person might be the owner of the hull, another of the propeller and another of the engine, but neither could be the owner of the boat, for it takes all the parts to make a boat or vessel, such as is mentioned in section 17, page 656 of the statute. For to come within this statute, it must be a boat or vessel used in navigating the waters of the state, and evidently must be such a boat as is complete and capable of being used in the business of carrying freight or passengers, and one which would be subject to commercial regulations.

The hull of a boat without the other parts necessary to its use is not a boat within the meaning of the statute, to which the lien created by the statute could attach. The builder of the hull was a contractor and assisted in building the boat, and would have a lien if not paid for his material and work. We think, therefore, that the court erred in finding that the plaintiffs had a lien on this boat. The judgment of the court below will be reversed and the court below directed to dismiss the plaintiff's complaint.